SCHWARTZ, ALAN R., Associate Judge
(dissenting).
Notwithstanding the Petitioner’s failure to follow the procedural niceties prescribed by Rule 20-102.16, Florida Administrative Code — of which it seems it was, in any case, entirely unaware — I think that its correspondence with the Commission clearly constituted a request for an opinion as to the “applicability of [the] statutory provision” in question to its particular situation; and that the Commission’s opinion on that subject therefore amounted to the “declaratory statement” on that issue contemplated by F.S. § 120.565. We are told that this section of the Administrative Procedure Act was inserted into the statute specifically to provide for such statements by the Citrus Commission itself, which regularly renders them, and I can think of no situation to which the statute could more clearly apply. The Citrus Commission’s action of March 17, 1976 simply was a “statement” which “declared”, contrary to the position asserted by the Petitioner, that the general language of F.S. § 601.155(1) “applied” to the process acknowledgedly engaged in by Dairy Service Corporation. Since the procedure provided by F.S. § 120.565 does not require a pre-agency action hearing, I disagree with the majority’s conclusion that one must now be held.
Treating this petition, then, as one which seeks review, under F.S § 120.68(2), of the “final agency action” taken, as I believe, under F.S. § 120.565, I would reach the merits of the Citrus Commission’s action. On that issue, I think that the Commission’s conclusion that the Petitioner’s activities amount to a “packaging” of the orange juice concentrate which subjected it to taxation under F.S. § 601.155(1), represented a correct, and constitutionally permissible, Brown v. Maryland, 12 Wheat (U.S.) 419, 6 L.Ed. 678 (1827), General Oil Co. v. Crain, 209 U.S. 211, 230-231, 28 S.Ct. 475, 52 L.Ed. 754 (1907), interpretation of the statute. I would deny the petition for certiorari.